After reversal by the Court of Appeals of a judgment of this court (Richling V. Rocleioood é Go., 296 N. Y. 858), the Court of Appeals remitted the case to this court for determination upon the questions of fact heretofore raised here, with costs in the court of Appeals to abide the event of such determination. After the jury had brought in a verdict in plaintiff’s favor, the trial court set aside the verdict and granted defendant’s motion, made at the close of plaintiff’s case and on which decision had then been .reserved, to dismiss the complaint. Plaintiff appealed from the judgment of dismissal. This court affirmed that judgment holding that while the evidence presented a question of fact as to plaintiff’s contributory negligence, plaintiff was a mere licensee. (Richling V. Roclmood é Go., 270 App. Div. 1044.) The plaintiff having died, his administratrix, Ada Richling, appealed to the Court of Appeals, and that court, in reversing this court’s determination, held there “was evidence that plaintiff was a business visitor to whom defendant owed the duty of keeping the premises reasonably safe w * *, that this duty was breached and that plaintiff was not guilty of contributory negligence * * In the light of that holding we have re-examined the record and have concluded that there was proof to support the finding implicit in the verdict that the defendant was negligent in that it failed to keep the premises reasonably safe, and that plaintiff’s intestate was free from contributory negligence; and it may not be said that the verdict was against the weight of the evidence. Accordingly, the judgment of the trial court dismissing the complaint, entered February 13, 1946, is reversed, with costs to plaintiff in this court and in the Court of Appeals, the defendant’s motion denied, the verdict reinstated, and judgment is directed to *1029 be entered thereon in plaintiff’s favor, with costs. Hagarty, Carswell, Johnston and Adel, JJ., concur; Lewis, P. J., not voting.